## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* LORETTA REED, | : : : |
| Plaintiffs, | : : **FILED UNDER SEAL PURSUANT TO** : **31 U.S.C. §3730** |
| | : |
| v. | : C.A. No.: 13-cv-3102 |
| ENDO HEALTH SOLUTIONS, INC. and ENDO PHARMACEUTICALS, INC., | : : |
| Defendants. | : **[PROPOSED ORDER]** : |

This matter, having come before the Court on *QUI TAM* PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, REQUEST TO SUBSTITUTE REDACTED COMPLAINT AND OTHER LIMITED PLEADINGS IN FILE FOR GOOD CAUSE, and based upon the accompanying Memorandum of Law, Declaration of Eric L. Young, and Declaration of Loretta Reed, the Court having duly considered the papers and arguments of counsel, and for good cause shown, the Court hereby finds and orders as follows:

1.      As the Government has consented to Relator's voluntary dismissal of this case without prejudice, the Court also hereby consents and orders dismissal of this case. The dismissal shall be without prejudice.

2.      Relator's request to substitute the redacted Complaint and other limited pleadings in the file for this case is granted. The proposed redacted Complaint and other limited pleadings, which are attached hereto as Exhibits "A" and "B," shall be substituted into the file so as to protect the identity of the Relator.

**IT IS SO ORDERED.**

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

**YOUNG LAW GROUP, P.C.**
ERIC L. YOUNG, ESQUIRE
123 S. Broad St., Suite 2250
Philadelphia, PA 19109
Phone (215) 367-5151
eyoung@young-lawgroup.com

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* LORETTA REED, | : : : : | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. §3730** |
| Relator-Plaintiffs, | : : | |
| v. | : : | C.A. No.: 13-cv-3102   FILED |
| ENDO HEALTH SOLUTIONS, INC. and ENDO PHARMACEUTICALS, INC., | : : : : | OCT 2 0 2014 |
| Defendants. | : : | MICHAEL E. KUNZ, Clerk By_____Dep. Clerk |

## NOTICE OF VOLUNTARY DISMISSAL AND REQUEST FOR LIMITED SEAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1) and 31 U.S.C. § 3730(b)(1), *qui tam* Plaintiff-Relator, Loretta Reed ("Relator"), through her attorneys, hereby notices the voluntary dismissal of this action without prejudice. Relator's counsel have conferred with Assistant United States Attorneys Michael Macko and Gerald Sullivan from the United States Attorney's Office for the Eastern District of Pennsylvania, and Department of Justice Attorney Natalie Priddy, all of whom represent the United States in this case ("the Government"). Declaration of Eric L. Young ("Young Decl.") ¶7. Relator's counsel did not request the position of Defendants, Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc., ("Endo")("Defendants"), since this case is under seal and Defendants have not been served with the Complaint to date.

Relator also moves this Court for an Order modifying the seal over this case

1

following dismissal.  Specifically, Relator respectfully requests that the matter be unsealed but that Relator be allowed to substitute a redacted Complaint, together with redacted initiating documents and a redacted form of the government's notice of non-intervention, that delete Relator's name and other identifying information, so that Relator's identity may remain confidential to protect her from retaliation and harm to her career as a current employee of Endo and a sales representative in the pharmaceutical industry more generally.  A proposed substitute redacted Complaint, including initiating documents and redacted form of the government's notice of non-intervention, are attached as Exhibit "A" to this Motion.  In addition, Relator respectfully requests that the instant seal request be similarly redacted and that such redacted pleadings also be substituted into the file for this case.  This limited redacted pleading is attached as Exhibit "B" to this Motion.

This request is based on the following Memorandum of Points and Authorities, the accompanying Declaration of Eric L. Young ("Young Decl."), the Declaration of Relator Loretta Reed ("Relator Decl."), and the complete pleadings, files and records of this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Statement of Facts

The Complaint in this action was filed on June 5, 2013.  The Complaint alleges that Defendants engaged in a widespread mislabeling scheme, designed to defraud physicians, pharmacists, their patient populations, and Government Healthcare programs in violation of the United States False Claims Act ("FCA"), 31 U.S.C. §§ 3729, *et seq*. (Young Decl. ¶¶ 2-3.)  The claims directly arise from Defendants' marketing and sale of a pharmaceutical drug known as Opana ER, an opioid agonist and Schedule II controlled substance.  (*Id.*)

Critically, Relator continues to be employed by Defendant Endo as a

2

pharmaceutical sales representative. Relator has worked for Defendant Endo for approximately 8 years and, at all relevant times hereto, she sold Opana ER which is how she learned of the alleged misconduct. (Relator Decl. ¶¶ 1 and 4.)

Pursuant to the provisions of the FCA, the Complaint was filed under seal (without service on Defendants) to enable the Government to conduct its own investigation and to determine whether to join the action. (Young Decl. ¶ 2.)   After the filing of the Complaint, Relator met with the Government and provided supporting information and documents in her possession. (*Id.,* ¶ 5.) Thereafter, the Government undertook an extensive and lengthy investigation of the Complaint's allegations. (*Id.*)

On or about October 7, 2014, counsel for the Government informed Relator's counsel of its decision not to intervene in this action. (*Id.,* ¶ 6.) Relator has weighed the substantial burden of proceeding with a case that the Government has investigated but has decided not to join against the considerable risk to her personal and business interests, and she has concluded that the best course of action is to voluntarily dismiss this action without prejudice. (Relator Decl. ¶ 2.)

**B.      The Conditions For Voluntary Dismissal Without Prejudice Have Been Met**

The FCA permits a relator to dismiss an FCA complaint with the consent of the United States and the Court. *See* 31 U.S.C. § 3730(b)(1). In the instant case, the United States consents to Relator's voluntary dismissal without prejudice. (Young Decl. ¶ 7.) Rule 41(a)(1)(A) and (B) of the Federal Rules of Civil Procedure provides, in relevant part:

> Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Relator's notice of voluntary dismissal without prejudice falls squarely within Rule 41 since Defendants have not been served with a copy of the Complaint and have not been

3

required to answer or respond to the Complaint.  Accordingly, the conditions for a voluntary dismissal having been met, and the Complaint should be dismissed forthwith without prejudice.

**C.     Good Cause Exists To Grant Relator's Motion For A Limited Modification Of The Seal**

In conjunction with this voluntary dismissal, Relator requests that the seal in this action be modified following the dismissal.  As explained below, the Court has discretion to maintain the seal over the case in its entirety, but Relator is requesting only the most minimal retention of one part of the seal necessary to protect Relator's identity.  In this case, non-disclosure of Relator's identity is essential to protect her from retaliation that could harm her career and personal reputation within the pharmaceutical industry.

**1.     The Court Has Discretion To Maintain The Seal**

The decision to maintain the seal over a voluntarily dismissed *qui tam* action rests with the sound discretion of the court subject to an abuse of discretion standard of review. *Doe v. Megless, 654 F.3d 404, 408-410 (3rd Cir. 2011); D.M. v. County of Berks,* 929 F.Supp.2d 390, 402 (E.D. Pa. 2013); *Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 466-69 (E.D. Pa. 1997); *see also, e.g., Doe v. Hartford Life & Accident Ins. Co.,* 237 F.R.D. 545, 548 (D.N.J. 2006); *Under Seal v. Under Seal,* No. 94-1171, 1994 WL 283977, at * 2 (4th Cir. Jun. 27, 1994) (unpublished); *In re Sealed Case,* 1997 U.S. App. LEXIS 40310 (D.C. Cir. 1997) (unpublished); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir. 1986).  Neither the FCA nor the common law right of access to judicial records requires that the seal be lifted, and public policy weighs heavily in favor of retaining the seal.

**2.     The FCA Does Not Require That The Case Be Unsealed**

The text of the FCA contains no requirement that the Complaint be automatically unsealed at this juncture, and construing the statute to include such a requirement would undermine the purposes of the statute.

4

In construing a statute, courts "'begin with the language of the statute.'"
*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). The FCA provides that when a
*qui tam* action is filed in the name of the United States, the complaint must be "filed *in
camera*" and "shall remain under seal for at least 60 days, and shall not be served upon
the Defendant until the court so orders." *See* 31 U.S.C. § 3730(b)(2). The FCA
contemplates that *if the case proceeds*, the seal will be lifted. Specifically, Section
3730(b)(4) provides that, before expiration of the initial seal period, or any extension
thereof, the Government may elect to proceed with the case. *See* 31 U.S.C. §
3730(b)(4)(A). Alternatively, if the Government declines to intervene, it shall notify the
court, and the relator then has the right to conduct the action if he chooses. *See* 31 U.S.C.
§ 3730(b)(4)(B). In either case, the defendant is not required to respond to the complaint
until 20 days after the court unseals the complaint and the complaint is served on the
defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* 31
U.S.C. § 3730(b)(3).

The statute does not address whether the seal should be lifted where, as here, the
case does not proceed, nor can such a requirement be implied from the context. In such
case, the relator has withdrawn the complaint before the complaint has been served, the
case has not been joined by the Government, and no judicial decisions about contested
issues have been or will be made. Thus, the reason for unsealing the case when the
action proceeds – *i.e.*, the commencement of litigation of the case and related litigation
activities – is not implicated here.[1]

The legislative history of the FCA also supports the view that the statute does not
require that the seal be lifted when, as in the present circumstances, the case will be
dismissed and not proceed. The seal provision was added to address the Government's

---

[1] In interpreting identical language under the New York False Claims Act, New York State Finance Laws
§§ 187-194, the New York Attorney General, who has authority to adopt regulations implementing that
Act, concluded that under the Act, a *qui tam* complaint voluntarily dismissed before service on the
defendant may remain sealed. *See* False Claims Act Rules and Regulations, § 400.4(c)(2),
http/www.oag.state.ny.us/franchise/false_claims_act.html.

5

concern that the filing of a *qui tam* complaint would interfere with the Government's investigation of the alleged misconduct. At the same time, the requirement that the allegations be filed in court, rather than simply provided to the Government in confidence, was intended to protect the relator's interest, because the Government could block the relator from proceeding if the relator simply provided the information to the Government without filing suit. *See* S. Rep. No. 345, 99th Cong., 2d Sess., at 24, *reprinted* in 1986 U.S.C.C.A.N. 5266, 5289.[2] Congress's careful efforts to balance the interests of the parties do not support the conclusion that Congress intended to require exposure of relators when neither the Government nor the relator elected to proceed with the case.

The 1986 amendments to the FCA sought not only to enhance the Government's tools for fighting fraud but "to encourage any individual knowing of Government fraud to bring that information forward." *See* S. Rep. No. 99-345, at 2, 1986 U.S.C.C.A.N. at 5266-67. It was Congress's belief that only a "coordinated effort of both the Government and the citizenry" would address the problem of fraud upon the Government. (*Id.*) Those amendments made a number of changes to the Act – including providing the relator an ongoing role in cases, a guaranteed minimum reward, and protection from retaliation – all designed to encourage individuals with information about fraud to bring it to the Government's attention and to end the "conspiracy of silence" that had allowed fraud to flourish. (*Id.* at 6, 1986 U.S.C.C.A.N. at 5271); (*id.* at 23-24, 1986 U.S.C.C.A.N. at 5288-389 ("The Committee's overall intent in amending the *qui tam* section of the False Claims Act is to encourage more private enforcement suits.") The amendments also added specific protections against abuses by relators. *See* 31 U.S.C. § 3730(c)(2)(C) & (D); 31 U.S.C. § 3730(c)(4); 31 U.S.C. § 3730(d)(4).

Construing the statute to require that a complaint be unsealed, when neither the

---

[2] The FCA's unique filing requirements were also intended to protect the defendant's interests by providing that the defendant was not required to respond until a sufficient period after the complaint was unsealed and served. *See* S. Rep. No. 345, 99th Cong., 2nd Sess., at 24.

6

relator nor the Government wish to pursue the case, would discourage individuals with information about fraud against the Government from coming forward, contrary to the purposes of the FCA. While some relators may be willing to pursue cases the Government declines to join, many are not. For many whistleblowers, the possibility that their identities will be revealed if the Government declines to proceed with the case and the relator chooses not to go forward will weigh heavily against becoming involved at all. While their identity would have been revealed if the Government proceeded with the case, many relators would find exposure under those circumstances an acceptable risk as the Government would be supporting their allegations.

### 3.  The Common Law Right Of Access Does Not Require That The Case Be Unsealed

The FCA does not itself require that the Complaint be unsealed, nor does the common law right of access to judicial records. *Megless, 654 F.3d at 408* (3rd Circuit recognizes that in exceptional cases district courts are permitted to allow a party to proceed anonymously)*; D.M. v. County of Berks,* 929 F.Supp.2d at 402 (court allowed plaintiffs to proceed anonymously upon finding legitimate concern regarding "social stigma" and fact that disclosure of plaintiffs' identities would "deter" reporting of wrongdoing by others in the future); *Doe v. Provident Life & Accident Ins. Co*., 176 F.R.D. at 468 (court permitted party's use of pseudonym upon finding that disclosure would result in "social stigma" and damage to "professional reputation"). *See also Advanced Textile Corp*., 214 F.3d at 1067 ("[M]any federal courts . . . have permitted parties to proceed anonymously when special circumstances justify secrecy."). Although there is a common law presumption of access to judicial records, *see Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978), that presumption does not apply to every record presented to a court. The presumption is based on the recognition "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for the judicial system." *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir.

7

1998) (citations and internal quotations omitted); *see also United States. v. Amodeo*, 71
F.3d 1044, 1050 (2d Cir. 1995); *accord Leucadia, Inc. v. Applied Extrusion
Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993); *In re Continental Ill. Sec. Litig.*,
732 F.2d 1302, 1308 (7th Cir. 1984). Accordingly, as stated by Judge Wisdom of the
Seventh Circuit Court of Appeals:

> If the purpose of the common law right of access is to check judicial
> abuses . . . [citations omitted] . . . then that right should only extend to
> materials upon which a judicial decision is based.

*Wilk v. American Medical Association*, 635 F.2d 1295, 1299, n.7 (7th Cir.1980).

Thus, "[t]he privilege extends, in the first instance, to 'materials on which a court
relies in determining the litigants' substantive rights.'" *FTC v. Standard Financial
Management Corp.*, 830 F.2d 404, 408 (1st Cir. 1987)(*quoting Anderson v. Cryovac,
Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).) Documents that do not form the basis of a judicial
ruling on substantive issues in the case are outside the doctrine's purview. For example,
while summary judgment motions and evidence in support of those motions are subject to
the right of access, as are documents upon which a consent decree is based, *see, e.g.,
Standard Financial Management Corp.*, 830 F.2d at 408, documents obtained in
discovery, or motions addressing such documents, are not. *Cryovac*, 805 F.2d 1. The
latter do not form the basis for court rulings on contested issues in a case. (*Id.* at 13.) At
most, they lead to information that may ultimately form the basis of judicial rulings on
the substantive issues in the case. (*Id.*)

The common law right of access does not apply here, where Relator seeks to
retain (in the least intrusive manner possible) an aspect of the seal over limited
documents (the Complaint and case initiating documents, the original seal request, the
government's notice of non-intervention, and the instant request) that have never been the
basis of a substantive judicial determination and never will be. The Complaint was filed
under seal pursuant to the FCA, has never been public, and the Relator has agreed to its
voluntary dismissal. Even if the common law right of access applied to a voluntarily

8

dismissed sealed *qui tam* case, the presumption of access can be overcome where, as

here, countervailing interests outweigh the interest in access to the documents. *See Doe*

*v. Provident*, 176 F.R.D. at 466 ("[T]his Court finds that a party to a civil action – either

defendant or plaintiff – may use a pseudonym when the circumstances of the case justify

such use. Indeed, the overwhelming majority of jurisdictions to consider this question

have determined that parties may proceed in pseudonym under particular

circumstances"); *see also Siedle*, 147 F.3d at 8-9 ("The trial court enjoys considerable

leeway in making decisions of this sort"); *Rushford v. New Yorker Magazine, Inc.*, 846

F.2d 249, 253 (4th Cir. 1988). As discussed below, denying Relator's requested relief at

this juncture exposes Relator to a very high potential of retaliation in light of her role as

whistleblower and that she currently remains an employee of Defendant Endo and, as

such, will likely be retaliated against if her identity is revealed at this juncture.

> **4.     A Redacted Complaint And Other Limited Pleadings Will Protect
> Relator From Retaliation And Harm To Her Career And Reputation
> Within The Pharmaceutical Industry, Without Prejudice To
> Defendants Or The Public**

Where a party seeks anonymity due to fear of retaliation, in *Megless supra*, the 3rd

Circuit endorsed the following non-exhaustive factors to be weighed both in favor of

anonymity and also factors that favor the traditional rule of openness. The factors in

favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2)
> the bases upon which disclosure is feared or sought to be avoided, and the
> substantiality of these bases; (3) the magnitude of the public interest in
> maintaining the confidentiality of the litigant's identity; (4) whether, because of
> the purely legal nature of the issues presented or otherwise, there is an atypically
> weak public interest in knowing the litigant's identities; (5) the undesirability of
> an outcome adverse to the pseudonymous party and attributable to his refusal to
> pursue the case at the price of being publicly identified; and (6) whether the party
> seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409. Factors disfavoring anonymity include:

9

(1)The universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

As demonstrated above, because (1) the case will be dismissed, (2) Defendants are and will remain non-parties, and (3) the public has minimal, if any, interest in accessing documents that have never been, and will never be, the basis of a substantive judicial determination, there can be no prejudice to Defendants or the public. Accordingly, this factor weighs in favor of Relator's request for anonymity.

In contrast, lifting the seal in its entirety without permitting Relator to substitute a redacted Complaint and other limited pleadings would expose Relator to significant career and reputational harm because of her role as a whistleblower. Relator brought this action with the good faith belief that Defendants were in violation of the FCA. (Relator Decl., ¶ 1.) Only after a lengthy and intense investigation by the Government, when Relator was informed of the Government's preliminary decision not to intervene in the case, did she decide not to proceed with the litigation. (*Id.*, ¶ 2.)

If Relator's identity is made public, the risk of harm to Relator's career and personal reputation within the pharmaceutical industry is real and significant, and it is a risk to which she is particularly vulnerable given the fact that she remains a current employee of Defendant Endo. (*Id.*, ¶¶ 3-7.)

In light of these risks, Relator's career interests and her personal reputation within the pharmaceutical industry far exceeds the minimal interest to Defendants and the public in learning the identity of the Relator in this now-dismissed action. In making this request, Relator has been mindful of the general policy favoring disclosure, and of the fact that the Justice Department typically opposes requests to maintain a seal on a public policy rationale. As a result, Relator has avoided a broad request to maintain the seal in

its entirety in favor of the most narrow alternative that will accomplish the desired end, which is to protect the Relator against retaliation and resulting harm to her career and reputational interests. Such a course would allow public disclosure of the facts and issues raised in this action, while still affording Relator enough privacy to protect herself.

## CONCLUSION

In conclusion, Plaintiff-Relator Loretta Reed respectfully requests that this Court exercise its discretion to retain the seal, but only to the extent that it should permit the filing of Relator's proposed redacted Complaint, redacted case initiating documents, redacted version of the government's notice of non-intervention, in addition to a redacted version of the instant request, in the form attached as Exhibits "A" and "B" to this Motion, which remove references to Relator's name and any information that could identify Relator, and order disclosure of those redacted documents only. Preservation of the identity of parties is appropriate where, as here, Relator's need for anonymity greatly outweighs "the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing party," neither of which are at issue since the case will now be dismissed, the Complaint has not been served, Defendants are and will remain non-parties, no litigation activity has taken place, and no adjudications of contested legal or factual issues have been made. *Advanced Textile Corp.*, 214 F.3d at 1068 ("It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit."); *see also Wolfchild v. United States*, 62 Fed. Cl. 521, 552 (Ct. Cl. 2004) (granting plaintiffs' request to proceed anonymously).

For all of the foregoing reasons, Relator requests that this action be dismissed without prejudice and that only Relator's redacted Complaint and other limited redacted pleadings be disclosed. A proposed Order is attached for the Court's convenience.

DATED:        October 20, 2014                Respectfully submitted,

                                              **YOUNG LAW GROUP, P.C.**


                                              ERIC L. YOUNG, ESQUIRE
                                              123 S. Broad St., Suite 2250
                                              Philadelphia, PA 19109
                                              Phone (215) 367-5151
                                              Fax (215) 367-5143
                                              eyoung@young-lawgroup.com

                                              **Attorney for Plaintiff-Relator Loretta
                                              Reed**

12

**FILED UNDER SEAL**

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* LORETTA REED, | : <br> : <br> : <br> : **FILED UNDER SEAL PURSUANT TO** |
| Plaintiffs, | : **31 U.S.C. §3730** |
| | : |
| v. | : |
| | : C.A. No.: 13-cv-3102 |
| ENDO HEALTH SOLUTIONS, INC. and ENDO PHARMACEUTICALS, INC., | : <br> : |
| | : **DECLARATION OF ERIC L. YOUNG** |
| Defendants. | : |
| | : |

I, Eric L. Young, declare as follows:

1.     I am an attorney at the law firm of Young Law Group, P.C., counsel for
Relator, Loretta Reed ("Relator") in the above-captioned matter. I have personal
knowledge of the matters set forth herein, and would completely testify thereto
under oath if called as a witness. I submit this declaration in connection with
Relator's notice to voluntary dismissal without prejudice and request to substitute
into the file for this case a redacted Complaint and other limited pleading documents
for good cause.

2.     On June 5, 2013, Relator's counsel filed a Complaint against
Defendants, Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc.,
(collectively, "Endo" or "Defendants"), alleging that Defendants violated the federal
False Claims Act ("FCA") and its state law counterparts. The claims directly arise
from Endo's marketing and sale of a drug known as Opana ER.

3.     For approximately eight (8) years, Relator has been and continues to be
employed as a pharmaceutical sales representative for Endo. One of the drugs that
Relator is and has been responsible for marketing is Opana ER.

4.     Pursuant to the provisions of the FCA, Relator's counsel filed the
Complaint under seal (without service on Defendants) to enable the United States

1

and numerous States (collectively, the "Government") to conduct their own investigation and to determine whether to join the action.

5.    Soon after filing the Complaint, Relator and I met with the Government and provided supporting information and documents that Relator had in her possession. Thereafter, the Government undertook an extensive and lengthy investigation of the Complaint's allegations.

6.    On or about October 7, 2014, the Government informed Relator's counsel that they have decided not to intervene in this action.

7.    I conferred with Assistant United States Attorneys Michael Macko and Gerald Sullivan from United States Attorney's Office for the Eastern District of Pennsylvania, and Department of Justice Attorney Natalie Priddy, representing the United States in this case, and they advise that the Government consents to Relator's voluntary dismissal of this case without prejudice.

I declare under the penalty of perjury that the foregoing is true and correct based on my knowledge, information and belief.

DATED: 10/17/14

ERIC L. YOUNG

2

**FILED UNDER SEAL**

**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>*ex rel.* LORETTA REED,<br><br>        Plaintiffs,<br><br>        v.<br><br>ENDO HEALTH SOLUTIONS, INC. and<br>ENDO PHARMACEUTICALS, INC.,<br><br>        Defendants. | **FILED UNDER SEAL PURSUANT TO<br>31 U.S.C. §3730**<br><br>C.A. No.: 13-cv-3102<br><br>**DECLARATION OF LORETTA REED** |

I, Loretta Reed, declare as follows:

1.     I am the Relator-Plaintiff in the above-captioned matter. I brought this action in the good faith belief that the Defendants (hereinafter referred to as "Endo Pharmaceuticals") had violated the FCA, with regards to the promotion of a pharmaceutical drug, Opana ER.

2.     I understand that the federal and state governments, after an intense and lengthy investigation, have declined to intervene in this case. I have weighed the substantial burden of proceeding with a case that the Government has investigated but has decided not to join against the considerable risk to my personal and business interests, and have concluded that the best course of action is to voluntarily dismiss this action without prejudice.

3.     I am concerned that if my identity is publically revealed that Endo Pharmaceuticals, my employer for the last eight (8) years, will retaliate against me and terminate my current position with the company.

4.      At all relevant times, I have been and continue to be, an Endo Pharmaceuticals' sales representative with the responsibility to market and sell Opana ER, which is how I learned of the alleged misconduct.

5.      The revelation of my identity would also severely disadvantage my potential to obtain a pharmaceutical sales position at a different company as I will labeled as a whistleblower and effectively blacklisted.

6.      I am also concerned that the media will publish my name throughout the region as a whistleblower – a title that is not revered within the healthcare community.

7.      Due to my concerns about the personal and economic ramifications listed above, I am requesting that my identity remain under seal.

I declare under the penalty of perjury that the foregoing is true and correct based on my knowledge, information and belief.

DATED: 10-17-2014

LORETTA REED

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2014, a true and correct copy of

the following documents were served via electronic mail and U.S. Regular Mail to the

interested parties listed below:

**Documents Served**

1.  *QUI TAM* PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, REQUEST TO SUBSTITUTE REDACTED COMPLAINT AND OTHER LIMITED PLEADINGS IN FILE FOR GOOD CAUSE, AND SUPPORTING MEMORANDUM OF LAW

2.  DECLARATION OF ERIC L. YOUNG IN SUPPORT OF *QUI TAM* PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, REQUEST TO SUBSTITUTE REDACTED COMPLAINT AND OTHER LIMITED PLEADINGS IN FILE FOR GOOD CAUSE, AND SUPPORTING MEMORANDUM OF LAW

3.  DECLARATION OF LORETTA REED IN SUPPORT OF REQUEST TO SUBSTITUTE REDACTED COMPLAINT AND OTHER LIMITED PLEADINGS IN FILE FOR GOOD CAUSE

4.  [PROPOSED] ORDER

**Persons Served**

Michael S. Macko
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Gerald B. Sullivan
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

ERIC L. YOUNG

13